UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOHAMMADREZA DAEISADEGHI,

                    Plaintiff,                 COMPLAINT

        -against-                  Docket No.: 16-CV-1698

                                                Jury Trial Demanded

EQUINOX GREAT NECK, INC.,

                    Defendant,
-----------------------------------------------------------------X

     Plaintiff, MOHAMMADREZA DAEISADEGHI, by and through his attorneys, WHITE, RICOTTA & MARKS, P.C., allege upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and aforementioned statutory provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A notice of a right to sue letter, dated January 13, 2016, was received on or about January 15, 2016. This action was properly commenced within ninety (90) days of Plaintiff's receipt of said notice.

1

said notice.

## PARTIES

5. Plaintiff, Mohammadreza Daeisadeghi ("Daeisadeghi"), was and still is a resident of Nassau County, State of New York.

6. Defendant, Equinox Great Neck, Inc. ("Equinox"), was and still is a corporation located at 40 Wall Street, 32nd Floor, New York, New York 10005. Defendant's Great Neck location is located at 90 E. Shore Road, Great Neck, New York 11023. Equinox is an employer as defined by Section 8-102 of the Administrative Code of the City of New York and employs (15) or more employees.

## FACTS

7. Daeisadeghi is a Persian male of Iranian descent.

8. Daeisadeghi was hired by Equinox on or about January 25, 2011 as a manager in training at the Great Neck, New York location. He was hired by Matthew Schakles and Keith Allen. Before his employment with Equinox, Mohammadreza had significant experience as the fitness director at Bally Total Fitness from 2001 to 2010.

9. Mohammadreza commenced his training at the Great Neck location and finished his training in November 2011. At or around this time, Joshua Harrison ("Harrison"), Caucasian, personal training regional manager, became Mohammadreza's direct supervisor. In or around December 2011, Plaintiff was assigned to the Roslyn, New York location where he was a fitness manager and then the personal training manager. In or around the beginning of 2013, Mohammadreza returned to the Great Neck location as the personal training manager.

2

10. In or around September 2013, Matthew Bekteshi ("Bekteshi"), white Albanian, became the general manager at the Great Neck location.

11. Part of Bekteshi's role as general manager is to meet with all the managers as a whole and to also conduct one on one meetings. Bekteshi has never met with Mohammadreza on a one on one basis.

12. In or around August 2014, during a weekly phone conference with other managers, Harrison began exaggerating Mohammadreza's name in front of everyone present and the twenty (20) managers on the phone. Harrison would purposefully mispronounce it and elongated it for his own humor. Harrison continued to mock Mohammadreza's name at every phone conference. Ramone Solano, personal training manager at the Roselyn location, told Harrison to stop making fun of Mohammadreza's name. Harrison did not subject Plaintiff's similarly situated, non-Persian and/or non-Iranian, coworkers to similar public mockery and humiliation.

13. In or around September 2014, Bekteshi began to tease Mohammadreza and make jokes about his accent. When Mohammadreza would say something, Bekteshi would respond by saying, "what did you say?" "Whattt?" "Huhhh?" "What are you trying to say?" Bekteshi would also attempt to correct Mohammadreza after he spoke and mimic what he said but in an exaggerated manner. For example, when Mohammadreza would say, "hey buddy" to Bekteshi, he would respond and say, "hey butty!" Additionally, both Bekteshi and Harrison would call him a "fucking Persian!" "crazy Persian!" "crazy Persian maniac!"and told him he had a "crazy accent." Mohammadreza was subjected to this offensive and hostile

3

behavior, which was motivated by his national origin and ethnicity, on a regular basis. Said conduct caused Mohammadreza great pain and anguish and impacted his ability to perform his job.

14. In or around early December 2014, Mohammadreza had vacations days approved for January 2015.

15. In or around late December 2014, Harrison had a meeting with Mohammadreza asking him to stay longer than his usual hours. Typically, Mohammadreza arrives to work at 6 AM and leaves work at 6 PM. Mohammad cited family responsibilities and told Harrison that he was unable to stay longer on that occasion. An argument ensued and Harrison called Bekteshi in to witness the argument. Harrison accused Mohammad of yelling and being insubordinate, but Bekteshi witnessed Mohammadreza's demeanor and assured Harrison that he was not. Mohammadreza threatened to quit his job. Mohammadreza then asked to be transferred, but Harrison said the only way that he could transfer is if he found someone to replace him.

16. In or around early January 2015, just two days before Mohammadreza's scheduled vacation, Bekteshi told him that he could not take off, despite the fact that the days had been previously approved and he had already bought his plane ticket. Equinox did not reimburse Mohammadreza for his plane ticket. Similarly situated non-Persian and non-Iranian employees were reimbursed for monies lost or money that would have been earned but for having to attend a management related meeting or event. For example, Mohammadreza'a assistant, Neal Iadevaia, white Italian, was reimbursed for missing a personal training session to attend a meeting.

4

17. In or around February 2015, Mohammadreza renewed a discounted package for a customer that was also a friend. It is common practice at Equinox for employees to give friends and family an employee discount with approval from the general manager. Bekteshi approved the discount.

18. On or about April 1, 2015, without warning, Mohammadreza was terminated from his employment. James Gu ("Gu"), regional director, Bekteshi, and Harrison called him into a meeting and told him that was fired for using an employee discount, despite the fact that Bekteshi had approved it. Similarly situated non-Persian and non-Iranian employees were not terminated for utilizing the employee discount such as Gu, Bekteshi, Sean Austin, Mathew Flaherty and Andrea Termini.

19. As a result of the above discrimination, Plaintiff has suffered both financial and emotional damages.

20. Based on the foregoing, Plaintiff alleges that Defendant subjected him to discrete adverse employment actions as well as a hostile work environment based on his race and national origin in violation of Title VII of the Civil Rights Act of 1964.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW AGAINST DEFENDANT

21. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint. Title VII of the Civil Rights Act of 1964 provides that

    a. It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of

5

employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

22. As described above, Defendant has discriminated against Plaintiff due to his race and national origin by subjecting Plaintiff to adverse employment actions, an atmosphere of adverse employment actions, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
       April 7, 2016

Respectfully submitted,

WHITE, RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
3110 37th Avenue, Suite 401
Long Island City, New York 11101
(347)464-8694

_____
Thomas Ricotta